Johnson. J.
Upon looking through the numerous cases which have been decided, upon the question here raised, both in England and the United States, it is very apparent, that until lately, there has been a constant tendency, from which ourselves have not escaped, to let in very slight circumstances to repel the bar of the statute of limitations, and to lessen, in a great degree, the protection which it furnished against stale and unjust demands. This seems to have been felt in England, and some of the States; and they have put about to repair the breach which has been made. The example is worthy of imitation. One case serves as a precedent for another, and that for a third, and so on ; and if the general features are the same, the light shades of difference are never noticed. It not unfrequently happens, indeed, it is the general tendency, that in attempting to pursue precedent, we lose sight of the precedent. It is profitable, therefore, to recur occasionally to the original rule.
In relation to this question, our rule is found in the Act of 1712, P. L. 102 ; which provides that all actions of account and upon the case, &c., and all actions of debt grounded upon any lending, or contract without specialty, &c., shall be commenced and sued “ within four years next after the cause of such actions or suits, and not after.” The policy which suggested the statute, is found in the mischief, which would result to the community, by permitting such demands to be resuscitated at any indefinite period of time, when, although by possibility, the evidence of the debt may have been preserved, that of its payment may have been lost or destroyed. The general benefit of *280 even an arbitrary limitation outweighs the partial evil which it might produce.
Whether we adopt the letter of the statute, or the policy which suggested it, as the rule of interpretation, the first, and most naturaj ancj necessary question which would arise out of a case stated, would be — When did the cause of aetion arise 1 Every violation of a legal binding contract is the foundation of an action, and the party may bring his suit the instant that it is broken. It is incumbent on the plaintiff, therefore, in every case where the statute is pleaded, to fix the precise point of time when the contract was broken, that it may be seen, whether it was, or was not, within four years next before the commencement of his suit. This is indicated by the ordinary replication to the-plea of the statute. An express promise to pay is not indispensable to the liability of the defendant, for wherever there is a legal liability, the law raises a promise ; and it is upon this principle that the Courts have gone, in the cases where they have held, that every slight acknowledgement will prevent the operation of the statute. And, as applied to cases where the statute has not run out, and where there is still a subsisting legal obligation, I am not disposed to question the correctness of the rule. The naked admission of the obligation implies a promise to discharge it, and adopting the policy of the statute, as a rule of interpretation, the violation of that promise is a new cause of action.
But there is a wide difference between a case like that, and one where the statute has run out, and the demand is fully barred. In cases of this last description, there is no subsisting legal obligation, in contemplation of law; and so far as the liability of the defendant is concerned, it is as though there had never been any. The state of facts in which the law would raise a promise, is wanting. These must be supplied by the defendant himself; and nothing short of a new contract, or an admission of the existence of that state of facts, on which the law will raise a promise, will suffice. The past consideration is sufficient to support a new promise, but it is the new engagement which resuscitates, and gives activity to the obligation. I do not intend to be understood as laying down the rule broadly, that nothing short of a direct and positive promise will revive a debt already barred; if there be an unequivocal admission, that it is *281 still due and unpaid, unaccompanied by any expression, declaration, or qualification, indicative of an intention not to pay, the state of facts on which the law implies a promise is then present, and the party is bound by it.
These conclusions are, I think, warranted by the very learned and well-considered opinion of Mr. Justice Story, in the late case of Bell v. Morrison, 1 Peters, 351. In relation to this branch of the question, he remarks, that “ if the bar of the statute is sought to be removed by the proof of a new promise, that promise, as a new cause of action, ought to be proved in a clear and explicit manner, and be, in its terms, unequivocal and determinate; and if any conditions are annexed, they ought to be shewn to be performed. If there be no express promise, but a promise is to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous, subsisting debt, which the party is liable and willing to pay.” 1 Peters, 362.
The decisions of our own Courts have generally gone upon these principles; but upon looking into the cases, it will be found that dicta, founded on one class of cases, have been applied indiscriminately to both classes. In the case of Burden v. M'Elhenny, 2 N. & M. 60, where a simple contract was of eighteen years standing, the defendant upon being applied to for payment, requested a witness to examine the accounts, observing that it had remained so long, that she thought it had been paid, and directed him to have reference to some papers. These papers did not show that the debt was paid, and the Court refused to set aside a verdict for plaintiff. The distinction was not then taken between acknowledgments of a subsisting debt, and of one barred by the statute; and in pronouncing judgment, the Court lay it down as a rule, that the bare acknowledgment is sufficient to take a case out of the statute. In the case of Executors of Boyd v. Executors of Carmichael, contained in a note to the preceding case, 2 N. & M. 62, the Court refused to set aside a verdict for the plaintiff, founded on the declaration of one of two joint makers of a promissory note, that he believed that defendant’s testator owed money on the note. It does not appear from the report, whether the bar of the statute was; or was not, complete at the *282 time of the declaration; and the Court say that an explicit acknowledgment, or a conditional promise is sufficient. There *s a bke want of point and certainty in the application of the rule, that a naked, or slight acknowledgment of the debt will take a case out of the statute, in Lee v. Perry, 3 M‘C. 552: and upon looking through all the printed cases, I have not been able to find one, where the Court has made the distinction, which has just been attempted to be established, between an acknowledgment made before, and one after, the statute has operated as a bar. I will not undertake to say, that it has been directly violated by any decided case; but it is evident, that the dicta used in reference to cases where the bar was complete, was well calculated to mislead ; and I have availed myself of this occasion to go back to what I suppose to be the true rule as applicable to both, and which mark their distinction.
It does not appear from the Judge’s report, whether the note, on which this action is founded, was, or was not, barred at the time of the supposed new promise, but the counsel on both sides concur that it was. it is incumbent on the plaintiff then, either to shew an express promise to pay, or to make out from the defendant’s own admissions, the existence of that state of things, from which the law will imply a promise. An express promise to pay is not pretended: the defendant’s original liability was that of an indorser, and the facts relied on to raise an implied promise, are, that the defendant said when the note was presented to him, he had not been served with notice of protest, and therefore had nothing to do with it; hut if he had been legally notified, he toould have paid it long ago. To come at the true meaning, it is necessary to transpose the two members of this sentence; and when read in that way, the language which it holds is this: “ If I had had due notice of the dishonour of the note by the maker, I would have paid it long ago, but as I had not, I will not pay it now.” Here is not only a distinct and unequivocal refusal to pay, but in as plain terms as language can convey, as distinct a negative of the existence of that state of things, from which the law would raise a promise. He was not liable, unless due notice had been given of the dishonour of the note: And proof of the fact, that notice had been given, is relied on, as takin g the case out of the operation of the rule. That, however, is not enough. It is a new contract alone, that *283 could have revived the debt. In the act of notice he was merely passive; and it would be as reasonable to imply a promise from a- demand, when no debt was due, as from that act.
Generally, I am disposed to regard the verdict of a jury as decisive of the facts; but where, as in this case, they are ascertained with as much precision as a verdict could render them, the rights of the parties must be resolved by the rules of law, and if the jury will misapply them, it is the duty of the Court to put them right. There is another circumstance in the case, which would authorize the Court to set aside the verdict, even as to the interpretation of the facts. It is in direct opposition to the views of the presiding Judge ; and whenever that happens, it cannot but be at least doubtful, what is the true state of faets, and that reason alone would influence the Court in the exercise of its : ..scretion, more especially as the rights of the parties can rarely, or never be compromitted, by a farther effort to ascertain the truth. I am, therefore, of opinion, that a new trial should be granted.
Richardson, J. sitting for Nott, J. who was absent from indisposition, concurred.
Colcoch, J. gave no opinion.
Motion granted.